IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


SHANNON WERTH,

    Petitioner,

vs.

                                      CASE NO. 4:05cv46-RH/WCS

WARDEN VAZQUEZ,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a petition for writ of habeas corpus filed by Shannon Werth pursuant to 28 U.S.C. § 2241.  Doc. 1.  Respondent filed an answer, doc. 5, and Petitioner filed a traverse, doc. 6.  This petition challenges a disciplinary action that resulted in the removal of Petitioner from a Community Corrections Center (CCC) and return to FCI Tallahassee.

Petitioner, a federal prisoner, is serving a 40 month sentence imposed on October 3, 2002.  She alleges in the petition that on June 29, 2004, she was released from FCI Tallahassee to a CCC in Newton, Kansas, for completion of her sentence and completion of her Residential Drug Treatment Program.  She asserts that on July 11,

2004, shortly after she arrived at the CCC, she gave a urine sample.  She states that she was told on July 24, 2004, by her case manager that the sample was positive for cocaine.

As a consequence of this positive result, Petitioner was subjected to a disciplinary hearing, found guilty of drug use, and was returned to confinement at FCI Tallahassee.  That transfer took place on October 13, 2004.  Doc. 5, ¶ 25.

According to the answer, on May 23, 2005, Petitioner was again returned to the CCC in Newton, Kansas, and will be released at end of her sentence on September 8, 2005.  Doc. 5, ¶ 26.  Petitioner acknowledges that she is currently in Newton, Kansas at the same CCC from which she was removed on October 13, 2004.

Immediately after being informed that the urine test was positive for cocaine, Petitioner asked to be permitted to submit to a hair follicle drug test.  Permission was granted, and the test occurred on July 28, 2004.  This test was negative for drug use. Petitioner argues that while a hair follicle test is not accurate for very recent drug use, that is, within the prior 7 days, it was accurate for use prior to July 21, 2004, which included July 11, 2004, and the period before that.

Petitioner states that she worked very hard in the Residential Drug Treatment Program while serving her sentence at FCI Tallahassee, earned the privilege of going to the halfway house for further treatment, and denies emphatically that she used any drugs.  Petitioner asserts that she tested negative for drug use before the July 11, 2004, urine sample was taken, and believes that the urine which tested positive was not hers. Petitioner admits that she has abused drugs before, but states that her problem was with methamphetamine, not cocaine.

Petitioner attempted to exhaust her administrative remedies by filing a BP 10 to regional headquarters. When this was denied, she appealed by filing a BP 11. The BP 11 was denied as untimely, but Petitioner states that she did not receive the results on her BP 10 until 11 days after it was dated. Petitioner also asserts that the disciplinary proceedings were defective because she was not given notice of the charges within 24 hours from that time that the positive cocaine results were received.

Petitioner's assertions of innocence may be true, but a remedy is not available in this court. Respondent argues that the Court cannot adjudicate the merits because Petitioner did not exhaust her administrative remedies because her second appeal was untimely.[1] The Court need not decide this question because the petition fails on the merits.

<u>Wolff v. McDonnell</u>, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) held that because Nebraska statutes created a liberty interest in the retention of good time credits, deprivation of good time for disciplinary infractions in a state prison required minimal due process, which was defined as requiring written notice of the claimed violation at least 24 hours in advance of a hearing, an opportunity to call witnesses and present documentary evidence if not "unduly hazardous to institutional safety or

---

[1] A federal prisoner seeking relief pursuant to 28 U.S.C. § 2241 must first exhaust Bureau of Prison administrative remedies. <u>Skinner v. Wiley</u>, 355 F.3d 1293, 1295 (11th Cir.), *cert. denied*, 541 U.S. 1036 (2004). It is unclear whether PI etitioner's administrative remedies are now technically (as opposed to properly) exhausted but procedurally defaulted because her second appeal was untimely. While not directly applicable, the Eleventh Circuit has recently held that the Prison Litigation Reform Act's exhaustion requirement contains a procedural default component, so a prisoner who filed an out-of-time grievance without good cause had not properly exhausted his administrative remedies. <u>Johnson v. Meadows</u>, __ F.3d __, NO. 03-15636, 2005 WL 1718602 (11th Cir., July 26, 2005).

Case No. 4:05cv46-RH/WCS

correctional goals," assistance from a fellow inmate or staff where the complexity of the issue makes it unlikely that the inmate will be able to collect and present necessary evidence, a degree of impartiality of the hearing committee, and a written statement of the factfinders as to the evidence relied upon and the reasons for their action. 418 U.S. at 564-71, 94 S.Ct. at 2978-82. Further, minimum procedural due process requires that "the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

472 U.S. at 455-456, 105 S.Ct. at 2774 (citations omitted, emphasis added).

It will be assumed without deciding that Petitioner had a due process liberty interest in remaining at the CCC. On July 26, 2004, at 8:45 a.m., Petitioner was given written notice of the charge of drug use. Doc. 5, attachment 1 (Declaration of James D. Crook, ¶ 16) and attachment 3 (attachment B to the Declaration, p. 1, Center Discipline Committee Report). The hearing was held the next day at 9:00 a.m. *Id.* Thus, Petitioner received written notice of the charges 24 hours before the hearing. Due process does not require immediate notice when authorities learn of a possible infraction.

The Center Discipline Committee Report states that the urine sample collected from Petitioner tested positive for Cocaine Benzoylecgonine. *Id.*, p. 2. It was also noted that from June 30, 2004, to July 11, 2004, Petitioner had left the Center for periods of

time (apparently authorized) and during those periods, was not under constant and continuous supervision.  *Id.*, p. 3.  This was "some evidence in the record" and satisfies minimal procedural due process.

Accordingly, it is **RECOMMENDED** that the petition for writ of habeas corpus filed by Shannon Werth pursuant to 28 U.S.C. § 2241, doc. 1, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 17, 2005.


s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**